UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| PETER RICKMYER, | Case No. 15-CV-4221 (JRT/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ABM SECURITY SERVICES, INC., also known as American Building Maintenance Industries, Inc., | |
| Defendant. | |

---

Plaintiff Peter Rickmyer alleges that he suffers from degenerated discs in his back and neck. One evening less than a month ago, he stopped to rest while walking in the Minneapolis Skyway due to pain caused by that injury.[1] Soon after Rickmyer stopped, an employee of ABM Security Services, Inc. ("ABM") told him to move along. Based on those minimal factual allegations, Rickmyer seeks to bring disability-discrimination claims against ABM for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a); the Minnesota Human Rights Act, Minn. Stat. § 363A.11; and other state law.[2]

---

[1] "[The] Minneapolis Skyway System is a pedestrian walkway system that is located on the second level of buildings located in downtown Minneapolis." Minneapolis Skyway, http://http://www.minneapolisskyway.com (last visited Dec. 9, 2015).

[2] Rickmyer's original complaint raised three separate claims under the ADA. *See* Compl. ¶¶ 28-46 [ECF No. 1]. Shortly after filing his amended complaint, however, Rickmyer submitted an amended complaint raising only one claim under the ADA (along with two state-law claims). *See* Am. Compl. ¶¶ 23-30 [ECF No. 4]. Rickmyer was entitled to amend his pleading once as a matter of course, *see* Fed. R. Civ. P. 15(a), and thus the amended complaint is properly before the Court. That amended complaint, not the now-superseded original complaint, will be taken under consideration.

Rickmyer did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. This Court has reviewed Rickmyer's IFP application and is fully satisfied that he qualifies financially for IFP status. Nevertheless, this Court recommends that Rickmyer's IFP application be denied (and that this action be dismissed) for the reasons explained below.

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As mentioned above, Rickmyer brings a claim against ABM for disability discrimination under § 12182(a) of the ADA. *See* Am. Compl. ¶¶ 23-30 [ECF No. 4]. This provision forbids discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by

any person who owns, leases (or leases to), or operates a place of public accommodation." There are four elements to a disability-discrimination claim under § 12182(a):

> A person alleging discrimination [§ 12182(a)] must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

*Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999).

This Court will assume, for purposes of this recommendation, that Rickmyer is disabled within the meaning of the ADA.[3] Nevertheless, Rickmyer's ADA claim must fail at step two, as Rickmyer has failed to plausibly allege that ABM "owns, leases, or operates a place of public accommodation." *Amir*, 184 F.3d at 1027. According to the amended complaint, ABM "was hired by [the] City of Minneapolis to provide security services" in the area where Rickmyer stopped to rest. Am. Compl. ¶ 7. The provision of security services self-evidently does not constitute owning or leasing the area being secured. Less self-evidently, but just as clearly under the law, provision of security services does not constitute operation of a public accommodation,0 for purposes of the ADA, either. *See Fernandez v. Frank*, Civil No. 10-0573 SOM/BNK, 2012

---

[3]This assumption is perhaps doubtful on the allegations presently before the Court. Rickmyer offers the conclusory allegation that he is disabled within the meaning of the ADA, *see* Am. Compl. ¶ 6, but conclusory allegations are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. Although Rickmyer more specifically alleges in his amended complaint that he suffers from back and neck problems, *see* Am. Compl. ¶ 8, nowhere does Rickmyer plausibly allege that this physical impairment "substantially limits one or more major life activities," or that he has a record of having such an impairment, or that he was regarded by ABM as having such an impairment, as is required under the ADA to establish disability. 42 U.S.C. § 12102(1).

WL 1004322, at *6 (D. Haw. Mar. 23, 2012) ("Fernandez's claim is based on alleged misconduct by a security guard at the Hawaii Supreme Court building. He presents no evidence showing that the guard or any other named Defendant is a private entity that owns, leases, or operates a place of public accommodation."); *Abbott v. Town of Salem*, No. 05-CV-127-SM, 2006 WL 276704, at *5 (D.N.H. Feb. 2, 2006) ("Here, the facts alleged by plaintiff are that Control provides security services at the mall, under a contract with Simon. Control operates a security service; it does not operate a place of public accommodation. Accordingly, Count III is dismissed."). In short, ABM provides a *service* in a place of public accommodation,[4] "[b]ut § 12182 does not state that it applies to entities which merely provide a service in a place of public accommodation . . . ." *Adiutori v. Sky Harbor Int'l Airport*, 880 F. Supp. 696, 704 (D. Ariz. 1995). Without allegations showing how ABM owns, leases, or operates the area where he stopped to rest, Rickmyer cannot maintain a claim of disability discrimination under § 12182(a).

This pleading deficiency is enough to defeat Rickmyer's claim of disability discrimination under § 12182(a). That said, this Court also notes that Rickmyer's claim is, on the whole, implausible. There is no indication from the amended complaint that the security guard who asked Rickmyer to continue walking had any indication that Rickmyer is disabled.[5] Nor is there any indication from the amended complaint that ABM permits non-disabled persons

---

[4] The area in which Rickmyer stopped to rest does not fit easily into any of the categories of "public accommodation" defined by the ADA. *See* 42 U.S.C. § 12181(7). Nevertheless, this Court will assume, for sake of analysis, that the area is in fact a "public accommodation."

[5] Rickmyer alleges that he "informed ABM Security Guard that he need to rest a bit due to pain," Am. Compl. ¶ 9, but pain, by itself, is not sufficient to establish a disability under the ADA, *see* 42 U.S.C. § 12102(1).

to linger in the skyway while shooing disabled persons who attempt to do the same.  And the modification to ABM's policies sought by Rickmyer — allowing disabled individuals to stop and rest in the skyway — would appear to fundamentally alter the nature of the skyway accommodation itself.  But in any event, Rickmyer has not plausibly alleged that ABM owns, leases, or operates the public accommodation, and his claim under § 12182(a) against ABM should be dismissed without prejudice on that basis.

Rickmyer also brings two claims under state law, but this Court need not reach the question of whether those claims were sufficiently pleaded.  As recognized by Rickmyer in the amended complaint, 28 U.S.C. § 1331 provides a basis for original jurisdiction over his ADA claim.  In contrast, there is no basis for original jurisdiction over Rickmyer's state-law claims.[6]  Accordingly, the Court can consider Rickmyer's state-law claims only if it exercises supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.  The Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (citing *Ivy v. Kimbrough*, 115 F.3d 550, 552-

---

[6]The amended complaint is ambiguous as to whether Rickmyer is attempting to assert that 28 U.S.C. § 1343(a)(3) provides a basis for original jurisdiction over the state-law claims. *See* Am. Compl. ¶ 1.  But § 1343(a)(3) provides jurisdiction only over claims regarding the deprivation "of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . ."  The rights asserted by Rickmyer in his remaining non-ADA claims are secured by state law, not "the Constitution of the United States or by any Act of Congress," and so § 1343(a)(3) does not provide an original basis for jurisdiction over those claims.  Finally, although Rickmyer does not mention the provision, this Court notes that original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 is unavailable, as both parties by all indications are citizens of Minnesota.  *See* Am. Compl. ¶¶ 6-7.

53 (8th Cir. 1997)). This Court therefore recommends that Rickmyer's remaining claims be dismissed without prejudice for lack of jurisdiction.

One final note is necessary. Rickmyer has a long and checkered history of meritless litigation both in the state courts[7] and in this District. The Court has already taken several steps towards discouraging Rickmyer's pursuit of hopeless lawsuits, including the imposition of monetary sanctions, *see Rickmyer v. Browne*, 995 F. Supp. 2d 989, 999-1000 (D. Minn. 2014) (imposing sanction of $5,000 for repetitive litigation); and limited filing restrictions, *see Rickmyer v. Jungers*, No. 14-CV-0614 (SRN/SER), 2015 WL 412859, at *10 (D. Minn. Jan. 30, 2015). Nothing to date has done the trick. It appears that Rickmyer is now engaged in a game of judicial cat-and-mouse with ABM, which he has sued unsuccessfully in the past for similar alleged misconduct. *See Jungers*, 2015 WL 412859, at *10. The Court is forbidden from granting IFP status to a litigant whose lawsuit is deemed to be "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), and there is at least some indication that this action has been undertaken more out of malice towards ABM than from any earnest desire on Rickmyer's part to enforce his rights. Further, this Court fears that Rickmyer may be attempting to use federal litigation as a vehicle for imposing litigation costs upon ABM. And even where ABM is spared these costs — for example, where a suit is dismissed prior to service for being malicious or for failure to state a claim on which relief may be granted — Rickmyer's repetitive claims "consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988)

---

[7]Rickmyer offhandedly acknowledges in his amended complaint that the state courts have deemed him a frivolous litigant, although he disputes the accuracy of this characterization. *See* Am. Compl. ¶ 22.

(quotations omitted).  Accordingly, this Court recommends that, in addition to dismissing the current complaint, Rickmyer's current filing restriction be expanded to preclude him from filing new cases against ABM or its employees in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District.  Such a restriction will not preclude Rickmyer from pursuing any meritorious claims for relief, as he would not be altogether barred from bringing claims against ABM or its employees in the future.  Instead, Rickmyer would be precluded only from filing malicious, meritless, or repetitive pleadings while acting pro se.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Peter Rickmyer's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3. Rickmyer be restricted from filing new cases against ABM Security Services, Inc. or its employees in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District.

Dated: December 22, 2015        *s/Franklin L. Noel*
                                Franklin L. Noel
                                United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.