# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| PETER RICKMYER, | Civil No. 15-4221 (JRT/FLN) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | **AND ORDER** |
| ABM SECURITY SERVICES, INC., | |
| Defendant. | |

Peter Rickmyer, 2118 25th Avenue North, Minneapolis, MN  55411, *pro se*.

Plaintiff Peter Rickmyer brings this action *pro se* against Defendant ABM Security Services, Inc. ("ABM").  Rickmyer alleges that on November 19, 2015, he stopped to rest in the Minneapolis Skyway system adjacent to the A-Ramp parking ramp "due to pain caused by degenerated disks in his lower lumbar and cervical."  (Am. Compl. ¶ 8, Dec. 1, 2015, Docket No. 4.)  According to Rickmyer, the City of Minneapolis hires ABM to provide "security services" in and around the ramp.  (*Id.* ¶ 7.)  Rickmyer contends that an ABM security guard immediately approached him and told him that "he could not stop and rest."  (*Id.* ¶ 9.)  Rickmyer asserts that he informed the security guard "that he needed to rest a bit due to the pain," but the guard nevertheless told him to leave, which he did.  (*Id.*)  Rickmyer subsequently filed this action, asserting disability-discrimination claims against ABM under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), and the Minnesota Human Rights Act

("MHRA"), Minn. Stat. § 363A.11; and a civil bias offense claim under Minn. Stat. § 611A.79.

Rickmyer applied to proceed *in forma pauperis* ("IFP"), and the matter was referred to United States Magistrate Judge Franklin L. Noel for a Report and Recommendation (R&R).   In the R&R, the Magistrate Judge found that although Rickmyer qualified financially for IFP status, he failed to state a claim for relief under § 12182(a) of the ADA.   (R&R at 2-4, Dec. 23, 2015, Docket No. 5.)   The Magistrate Judge noted that to state a plausible claim under that section, a plaintiff must allege, among other things, "that the defendant is a private entity that owns, leases, or operates a place of public accommodation."   (*Id.* at 3 (quoting *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999)).)   The Magistrate Judge found that Rickmyer failed to satisfy this pleading requirement because he did not allege that ABM owned or leased the A-Ramp and merely providing security services does not constitute operating a place of public accommodation.   (*Id.* at 3-4.)   The Magistrate Judge accordingly recommended that the Court decline to exercise supplemental jurisdiction over Rickmyer's remaining state law claims, deny his IFP application, and dismiss the matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).   (*Id.* at 5-7.)   Because Rickmyer has a history of filing meritless actions against ABM, the Magistrate Judge also recommended that the Court preclude Rickmyer from bringing any future claims against ABM or its employees unless he is represented by counsel or receives prior written authorization from a judicial officer in this District.   (*Id.* at 6-7.)

Rickmyer now objects to the R&R.  (Obj., Jan. 5, 2016, Docket No. 6.)  He also moves to amend his complaint, (Req. Leave to File Am. Compl., Mar. 14, 2016, Docket No. 19),[1] and seeks a referral to the Federal Bar Association ("FBA") *Pro Se* Project (Mot. for ADA Accommodations, Jan. 5, 2016, Docket No. 7).  Because the Court finds that Rickmyer's objections lack merit and he has failed to a state a claim for relief, the Court will overrule his objections, adopt with modification the R&R, deny his IFP application, and dismiss this action without prejudice.  The Court will also deny his motion to file an amended complaint on futility grounds and his motion for referral to the FBA *Pro Se* Project because his claims are meritless.  Finally, the Court will designate Rickmyer as a restricted filer with respect to all future litigation in this district.

The skyway incident about which Rickmyer complains is surely unfortunate, but it does  not rise to a cognizable claim in federal court.

## ANALYSIS

## I.   OBJECTIONS TO THE R&R

### A.   Standard of Review

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and

---

[1] The Court notes that Rickmyer has made five separate attempts to amend his operative complaint.  (*See Obj.* ¶ 11; Mot. to Am. Compl., Mar. 7, 2016, Docket No. 15; Mot. to Am. Compl., Mar. 9, 2016, Docket No. 17; Req. to File Am. Compl., Mar. 14, 2016, Docket No. 19.)  Although the Court has reviewed all of these requests, the Court will only substantively address Rickmyer's most recent request that includes a proposed amended complaint.  (*See* Req. to File Am. Compl.)

recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## B.     Objections

Rickmyer makes four objections to the R&R, all which will be reviewed *de novo*. First, he contends that he "is disabled in communication and because of that the [Magistrate Judge] misinterpreted" the allegations in his complaint. (Obj. ¶ 2.) Rickmyer asserts that he intended to allege that ABM "leases" the A-Ramp and "is in charge of the day to day operations," rather than merely providing security services. (*Id.* ¶ 3.) On this ground, Rickmyer argues that he properly stated a claim for relief under § 12182(a). The Court, however, will overrule this objection for two reasons. First, the Court observes that Rickmyer's complaint and other filings have been clear, well written, and are fully intelligible. There is no indication from the record that Rickmyer suffers from a communication disability. Furthermore, even if the Court were to assume that Rickmyer has a communication disability, there is **absolutely nothing** in the operative complaint to suggest that he intended to allege that ABM leases or operates the A-Ramp. Indeed, Rickmyer only alleges that ABM provides security services and nothing more:

- "Defendant ABM provides security for [the A-Ramp.]" (Am. Compl. ¶ 2.)

- "ABM is in the business of operating Security services throughout the United States including the State of Minnesota." (*Id.* ¶ 7.)

- "Defendant ABM was hired by City of Minneapolis to provide security services at A-Ramp in Minneapolis, Hennepin County, Minnesota." (*Id.*)

The Court therefore has no basis to construe Rickmyer's complaint as alleging that ABM leases or operates the A-Ramp, and this is fatal to his § 12182(a) claim. *See, e.g.*, *Fernandez v. Frank*, No. 10-00573, 2012 WL 1004322, at *6 (D. Haw. Mar. 23, 2012) (finding that a plaintiff's § 12182(a) claim was not viable because it was based on "alleged misconduct by a security guard" and there was no evidence that the security guard owned, leased, or operated a place of public accommodation), *aff'd*, 548 F. App'x 504 (9th Cir. 2013); *Abbott v. Town of Salem*, No. 05-127, 2006 WL 276704, at *5 (D.N.H. Feb. 2, 2006) (finding that the plaintiff's § 12182(a) claim was not viable because the defendant "operates a security service; it does not operate a place of public accommodation").

Rickmyer also objects to the Magistrate Judge's statement that "[t]here is no indication from the amended complaint that the security guard who asked Rickmyer to continue walking had any indication that Rickmyer is disabled." (Obj. ¶ 4 (quoting R&R at 4).) Rickmyer argues that he previously notified ABM of his degenerative back condition. (Obj. ¶ 5.) But the Court will overrule this objection because it is inconsequential. The Magistrate Judge's dismissal recommendation was based solely on his finding that Rickmyer failed to allege that ABM owns, leases, or operates a place of public accommodation. (*See* R&R at 4-5.) The Magistrate Judge simply noted, without deciding, that other aspects of Rickmyer's § 12182(a) claim appeared to be implausible. (*Id.* at 4.)

Rickmyer next contends that the Magistrate Judge incorrectly concluded that the modification he seeks, "allowing disabled individuals to stop and rest in the skyway – would appear to fundamentally alter the nature of the skyway accommodation itself." (Obj. ¶ 6 (quoting R&R at 5).)  But once more, the Court will overrule this objection for the same reason described in the preceding paragraph.  Although Rickmyer must allege that ABM failed to make a reasonable modification that would not fundamentally alter the nature of the A-Ramp in order to state a claim under § 12181(a), *Amir*, 184 F.3d at 1027, the Magistrate Judge did not recommend dismissal on this ground.  The dismissal recommendation was instead premised only on the absence of allegations that ABM owns, leases, or operates a place of public accommodation.

Rickmyer lastly suggests that the Magistrate Judge intentionally recommended dismissal "based on how [he] communicated."  (Obj. ¶ 8.)  The Court summarily rejects and overrules this objection.  The Magistrate Judge's R&R was well reasoned, fair, impartial, and legally sound in all respects.

Having overruled all of Rickmyer's objections and *de novo* reviewed the entire record, the Court will adopt the R&R, deny Rickmyer's IFP application, and dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court cannot grant an IFP application if the plaintiff fails to state a claim upon which relief can be granted. *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, Rickmyer has not stated a viable § 12181(a) claim because he has not alleged that ABM owned, leased, or operated a place of public accommodation.  *Amir*, 184 F.3d at 1027.  And as the Magistrate Judge recommended, the Court will decline to exercise supplemental jurisdiction over his state

law claims because the only claim over which the Court had original jurisdiction – the ADA claim – will be dismissed.  *Ivy v. Kimbrough*, 115 F.3d 550, 552-53 (8th Cir. 1997).

## II.     MOTION TO AMEND COMPLAINT

Rickmyer moves the Court, in lieu of denying his IFP application and dismissing the action, to allow him to file an amended complaint to cure any and all pleading deficiencies.  (Req. to File Am. Compl.)  For the reasons that follow, the Court will deny this motion.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires."  However, leave to amend need not be given when the proposed amended complaint would be futile, meaning that it would not survive a motion to dismiss for failure to state a claim.  *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).  Here, the Court will deny Rickmyer's request to amend on futility grounds.

In his proposed amended complaint, Rickmyer asserts disability-discrimination claims under Section 504 of the Rehabilitation Act, Title II and Title III of the ADA, and the MHRA, and a bias offense claim under state law.  (Req. to File Am. Compl., Attach. 1 ("Proposed Am. Compl.").)

Rickmyer's Rehabilitation Act claim fails to state a claim because he has not plausibly alleged that ABM is a public entity that receives federal funds.  *See Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) ("To prevail on a claim under [the Rehabilitation Act], a plaintiff must demonstrate that . . . he was denied the

benefits of a program or activity of a **public entity which receives federal funds**." (emphasis added)).

For his Title III claim under § 12182(a), Rickmyer has attempted to cure the deficiencies in his original complaint by alleging that ABM operates the A-Ramp. (*See* Proposed Am. Compl. ¶¶ 12-14, 50.) Yet even if the Court were to find that these new allegations are sufficient to demonstrate that ABM is "a private entity that owns, leases, or operates a place of public accommodation," *Amir*, 184 F.3d at 1027, Rickmyer's claim is still implausible. To state a claim under § 12182(a), a plaintiff must also allege that (1) "he is disabled within the meaning of the ADA," (2) "the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability," and (3) "the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation." *Id.* The allegations in the proposed amended complaint fail to meet all three requirements.

Rickmyer first alleges that he suffers from a degenerative disk condition in his back. But there is no indication from the proposed amended complaint that this alleged condition qualifies as a disability within the meaning of the ADA. "The ADA defines 'disability' as either 'a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual,' 'a record of such an impairment,' or 'being regarded as having such an impairment.'" *Land v. Baptist Med. Ctr.*, 164 F.3d 423, 424 (8th Cir. 1999) (quoting 42 U.S.C. § 12102(2)(A)-(C)). "A major life activity is substantially limited if an individual is unable to 'perform a basic function that the

average person in the general population can perform' or is significantly restricted in 'the condition, manner, or duration under which [he or she] can perform a particular major life activity as compared to an average person in the general population.'"   *Id.* at 424-25 (quoting *Snow v. Ridgeview Med. Ctr.*, 128 F.3d 1201, 1206 (8th Cir. 1997)).

Here, Rickmyer alleges that his degenerative disk condition causes him "to stop and rest at times" when walking "due to pain and stiffness."  (Proposed Am. Compl. ¶ 22.)   Although walking is certainly a major life activity and a degenerative disk condition may constitute a physical impairment, Rickmyer makes no allegations to plausibly demonstrate that this impairment **substantially** limits his ability to walk.  He does not allege that he is completely unable to walk, and merely stopping to rest "at times" is not a significant restriction as compared to an average person in the general population.  *See Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 685 (8th Cir. 2003) (finding that a plaintiff who could "only walk approximately one-quarter of one mile before" stopping to rest, experienced numbness, and occasionally walked with a cane did not have a disability that "substantially" limited his ability to walk); *Weber v. Strippit, Inc.*, 186 F.3d 907, 914 (8th Cir. 1999) (finding that a plaintiff who had "difficulty walking long distances . . . without getting fatigued" suffered from only a "moderate" rather than substantial "limitation[] on [a] major life activit[y]").  Furthermore, Rickmyer has not plausibly alleged that he has a record of an impairment that substantially limits his ability to walk or was regarded by ABM as having such an impairment.  Rickmyer thus cannot state a claim under § 12182(a) based on his alleged degenerative disk condition.

Rickmyer also alleges that he suffers from a cognitive communication deficit. Although this purported deficit may constitute a disability within the meaning of the ADA, Rickmyer makes no allegations that ABM took adverse action against him based on it or that ABM failed to make reasonable accommodations.  Rickmyer makes a conclusory and vague assertion regarding "communication barriers" caused by ABM, (Proposed Am. Compl. ¶ 21), but does not identify what these barriers are, what accommodations are necessary, when he sought an accommodation, or why an accommodation would not fundamentally alter the nature of the A-Ramp.  Simply put, Rickmyer's allegations regarding his cognitive communication deficit § 12182(a) claim are implausible.  The proposed amended complaint thus fails to state a claim for relief under Title III of the ADA.

Rickmyer's Title II claim likewise fails to state a claim because he has not properly alleged that ABM is a public entity. *See Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) ("Title II . . . prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of **a public entity**." (emphasis added)).  And even if he has alleged that ABM is a public entity, his claim also fails because he has not plausibly alleged that his degenerative disk condition is a disability within the meaning of the ADA (for the reasons explained above), or that ABM excluded him from some benefit that he was qualified to receive due to discrimination based upon his purported cognitive communication deficit.  *Id.* at 858 ("To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he

is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability."). Rickmyer's Title II claim thus fails as a matter of law.

Finally, Rickmyer asserts claims under Minnesota state law, including an MHRA claim and a bias offense claim. The Court, however, would decline to exercise supplemental jurisdiction over these claims because all of the claims over which it has original jurisdiction – the federal claims discussed above – are without merit. *Ivy*, 115 F.3d at 552-53.

Overall, given that all of the claims in Rickmyer's proposed amended complaint either fail to state a claim upon which relief may be granted or are claims over which the Court would decline to exercise supplemental jurisdiction, Rickmyer's motion to amend is futile and warrants denial. The Court sees no reason to refrain from denying his IFP application or from dismissing the action, as Rickmyer requests.

## III.     MOTION FOR REFERRAL TO FBA *PRO SE* PROJECT

Rickmyer lastly moves the Court for a referral to the FBA *Pro Se* Project. The *Pro Se* Project is a partnership between the United States District Court for the District of Minnesota and the Minnesota Chapter of the FBA. The goal of the partnership is to increase access to the federal court system while at the same time addressing the unique challenges of *pro se* litigation. *Pro se* litigants who are referred to the *Pro Se* Project by the Court have the opportunity to meet with a volunteer attorney, but are not guaranteed representation. Furthermore, the Court has no obligation to refer a *pro se* litigant to the

*Pro Se* Project.  *See Jackson v. Dep't of Human Servs. Background Studies*, No. 15-504, 2015 WL 4636682, at *4 (D. Minn. Aug. 4, 2015), *aff'd* (8th Cir. Jan. 7, 2016); *cf. Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.").

Rickmyer frames his motion as an ADA accommodations request, arguing that a referral to the *Pro Se* Project is necessary for him to enjoy his fundamental right of access to the courts.  (*See* Am. Mem. of Law in Supp. of Mot. for ADA Accommodations, Feb. 25, 2016, Docket No. 13.)  Yet even assuming that Rickmyer has a communication disability covered by the ADA, a referral as requested would have no impact on his ability to access to the courts.  Contrary to Rickmyer's assertions, his claims do not fail because of a miscommunication.  Rickmyer has clearly communicated the underlying factual circumstances, but these circumstances simply do not support a claim under the ADA or the Rehabilitation Act.  The Court will therefore deny Rickmyer's motion for a referral to the FBA *Pro Se* Project.

## IV.    FILING RESTRICTION

As a final matter, the Court will restrict Rickmyer from filing any new lawsuits or motions in the District of Minnesota unless he is represented by an attorney or obtains prior written approval from a United States District Court Judge or United States Magistrate Judge in the District of Minnesota. In the R&R, the Magistrate Judge only recommended that Rickmyer be a restricted filer with respect to claims against ABM, but the Court feels that this restriction does not go far enough.  In this action alone, Rickmyer

has sought leave to amend his complaint five times and each request was meritless. Rickmyer has also previously been sanctioned for repetitive litigation, *Rickmyer v. Browne*, 995 F. Supp. 2d 989, 1001 (D. Minn. 2014), and been given filing restrictions, *Rickmyer v. Jungers*, No. 14- 614, 2015 WL 412859, at *10 (D. Minn. Jan. 30, 2015). Rickmyer additionally admits in his operative complaint that a Minnesota state court deemed him to be a frivolous litigant.   (Am. Compl. ¶ 22.)   In view of these circumstances, the Court finds that a filing restriction is warranted.  Rickmyer of course is not precluded from bringing a meritorious action in this District.  Before he can do so, however, he must be represented by counsel or o prior court approval.

## CONCLUSION

Having overruled Rickmyer's objections to the R&R, having found that Rickmyer's motion to amend the complaint is futile, and having determined that there is no basis to refer Rickmyer to the FBA *Pro Se* Project, the Court will adopt the R&R, deny his amendment and referral motions, deny his IFP application, and dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court will also designate Rickmyer as a restricted filer.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Rickmyer's objection [Docket No. 6] and **ADOPTS with modification** the Report and Recommendation of the Magistrate Judge [Docket No. 5]. Accordingly, **IT IS HEREBY ORDERED** that:

1.      Rickmyer's Application to Proceed *In Forma Pauperis* [Docket No. 2] is **DENIED**.

2.      Rickmyer's Motion to Amend his Complaint [Docket No. 15], Request Leave of Court to Withdraw Complaints [Docket No. 16], Motion to Amend his Complaint [Docket No. 17], Request to Withdraw Complaints [Docket No. 18], Amended Leave of Court to Amend Complaint [Docket No. 20], and Request Leave of Court to Withdraw Complaint [Docket No. 21] are **DENIED as moot**.

3.      Rickmyer's Request to File Amended Complaint [Docket No. 19] is **DENIED.**

4.      Rickmyer's Motion for Referral to the Federal Bar Association *Pro Se* Project [Docket No. 7] is **DENIED**.

5.      This action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

6.      Rickmyer is restricted from filing any new lawsuits or motions in the District of Minnesota unless he is represented by an attorney or obtains prior written approval from a United States District Court Judge or United States Magistrate Judge in the District of Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 29, 2016                                  _____s/ John R. Tunheim_____
Minneapolis, Minnesota.                                      JOHN R. TUNHEIM
                                                                             Chief Judge
                                                              United States District Court